UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| **JULIE BURROUGHS** § | | |
| **Plaintiff,** § | | |
| § | | |
| V. § | | Civil No. 5:23-cv-102 |
| § | | |
| **GRANT GARRISON, MAVERICK** § | | |
| **TRUCKING, LLC, JASON** § | | |
| **GUERRERO AND ORBITZ** § | | |
| **SERVICE & SUPPLIES, LLC** § | | |
| **Defendants.** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Julie Burroughs, hereinafter called Plaintiff, complaining of and about Grant Garrison, Maverick Trucking, LLC, Jason Guerrero and Orbitz Service & Supplies, LLC hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I.   PARTIES AND SERVICE

1.1   Plaintiff, Julie Burroughs, is an individual who is a resident of Miller County, Arkansas.

1.2   Defendant, Grant Garrison, is an individual who is a resident of Mississippi, may be served with process at his home at the following address: **827 Mt. Vernon Rd., Tupelo, MS 38804, or wherever he may be found**. Service of said Defendants as described above can be perfected by personal delivery. **Issuance of citations is requested at this time.**

1.3   Defendant, Maverick Transportation LLC, is a non-Resident company who may be served with process by serving its registered agent: **Debbie Mitchell, 13301 Valentine Rd., North Little**

**Rock, AR 72117.** Service of said Defendant above can be perfected by personal delivery or certified mail. **Issuance of citations is requested at this time.**

1.4    Defendant, Jason Guerrero, is an individual who is a resident of Texas, may be served with process at his home at the following address**:  3412 Stamford, Laredo, TX, 78043 or wherever he may be found**.  Service of said Defendants as described above can be perfected by personal delivery. **Issuance of citations is requested at this time.**

1.5    Defendant, Orbitz Service & Supplies, LLC,  a company doing business in Texas  can be served with process pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving its registered agent: **Triana C.Bazan Lerma, 302 International Blvd., Laredo, TX  78045.**  Service of said Defendant above can be perfected by personal delivery or certified mail. **Issuance of citations is requested at this time.**

## II.    MISNOMER/ALTER EGO

2.1    In the event any parties are misnamed or are not included, it is Plaintiff's contention that such was a "misidentification," "misnomer," or such parties were "alter egos" of parties named. Alternatively, Plaintiff contends such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### III.   JURISDICTION AND VENUE

3.1   The Court has jurisdiction over the subject matter due to diversity of citizenship of the parties, and the amount in controversy being in excess of $75,001.00.

### IV.   RELIEF SOUGHT

4.1   Plaintiff seeks damages in an amount that is within the jurisdictional limits of the Court and monetary compensation over $75,001.00 excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

### V.   FACTS

5.1   On or about February 24, 2022, Plaintiff was traveling east on IH I-30 in Hunt County, in a safe and prudent manner for the conditions of the road.  Suddenly and without warning, Defendant, Grant Garrison, who was following too closely, failed to control the speed of his 18-Wheeler and did not maintain a proper lookout or paying attention as an ordinary, prudent individual would have in the same or similar situation, drove his 18-wheeler into the rear of Plaintiff's Ford Mustang. Plaintiff's Ford Mustang was disabled by Defendant Grant Garrison's vehicle and could not pull to the side of the road. Defendant Grant Garrison was a proximate cause to the injuries and damages complained of in this petition.

5.2   Since Plaintiff's vehicle was disabled by Defendant Grant Garrison, Plaintiff exited her vehicle when suddenly, and without warning, Defendant Daniel Guerrero failed to control the speed of his 18-Wheeler and not maintaining a proper lookout or paying attention as an ordinary, prudent individual would have in the same or similar situation, lost control of his 18-wheeler when he ran over the Plaintiff.  When Defendant Daniel Guerrero finally stopped his 18-wheeler,

Plaintiff was found under his 18-wheeler. Defendant Daniel Guerrero's actions were a proximate cause of the injuries and damages complained of in this petition.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT, GRANT GARRISON

6.1   Defendant, Grant Garrison, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendant, Grant Garrison's, negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of Defendant, Grant Garrison, consisted of, but is not limited to, the following acts and omissions:

- A. In that Defendant, Grant Garrison, failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

- B. In that Defendant, Grant Garrison, failed to control the speed of his 18-Wheeler and failed to control the maneuvering of said 18-Wheeler;

- C. Defendant, Grant Garrison, failed to pay attention as an ordinary, prudent individual would have in the same or similar situation; and

- D. Defendant, Grant Garrison, failed drive his 18-Wheeler at a safe speed for the weather conditions.

## VII. AGENCY & RESPONDEAT SUPERIOR

7.1   At all times material hereto, Defendant, Grant Garrison, was acting, not only in his individual capacity, but also as an agent, representative, and/or employee of Defendant, Maverick Transportation LLC; and acting within the scope of such employment. Under the doctrines of agency and Respondeat Superior, Defendant, Maverick Transportation LLC, is liable for the acts and omissions of its employees.

### VIII.  PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT, DANIEL GUERRERO

8.1   Defendant, Daniel Guerrero, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

8.2   Plaintiff's injuries were proximately caused by Defendant, Daniel Guerrero's, negligent, careless and reckless disregard of said duty.  The negligent, careless and reckless disregard of duty of Defendant, Daniel Guerrero, consisted of, but is not limited to, the following acts and omissions:

- A. In that Defendant, Daniel Guerrero, failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

- B. In that Defendant, Daniel Guerrero, failed to control the speed of his 18-Wheeler and failed to control the maneuvering of said 18-Wheeler; and

- C. Defendant, Daniel Guerrero, failed to pay attention as an ordinary, prudent individual would have in the same or similar situation; and

- D. Defendant, Grant Garrison, failed drive his 18-Wheeler at a safe speed for the weather conditions.

### IX.   AGENCY & RESPONDEAT SUPERIOR

9.1   At all times material hereto, Defendant, Daniel Guerrero, was acting, not only in his individual capacity, but also as an agent, representative, and/or employee of Defendant, Orbitz Service & Supplies, LLC; and acting within the scope of such employment.  Under the doctrines of agency and Respondeat Superior, Defendant, Orbitz Service & Supplies, LLC, is liable for the acts and omissions of its employees.

### X.   DAMAGES FOR PLAINTIFF

10.1   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, JULIE BURROUGHS, was caused to suffer severe bodily injuries and to incur some or all of the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, JULIE BURROUGHS, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hunt County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past and future;

    D.    Impairment in the past and future;

    E.    Mental anguish in the past and future;

    F.    Property damage;

    G.    Disfigurement;

    H.    Lost wages past and future; and,

    I.    Loss of earning capacity past and future.

## XI. JURY DEMAND

11.1    Plaintiff demands a jury trial.

## XII. PRAYER

12.1    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully asks that the Defendants be cited to appear and answer and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for some or all of the following damages:

    a)    Physical pain in the past and future;

    b)    Mental anguish in the past and future;

    c)    Disfigurement in the past and future;

    d)    Physical impairment in the past and future;

    e)    Medical expenses in the past and future;

    f)    Loss of earning capacity in the past and future;

    g)    Lost wages;

    h)        Property damage;

    i)        Costs of suit;

    j)        Prejudgment and post-judgment interest;

    k)        All other and further relief, in law and in equity, to which Plaintiff may be entitled.

        Respectfully submitted,

        **BAILEY & GALYEN**
        2200 Brookwood Dr. Suite 100
        Little Rock, AR 72202
        501-291-4129- Office
        501-897-6069– Facsimile
        bgann@galyen.com - Email
        dallaslit@galyen.com- Service e-mail

By:    */s/ Benton Gann*
        Benton Gann
        Arkansas State Bar No. 2020195
        Texas State Bar No.:  24127083